# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Florists' Mutual Insurance Company, | ) | **Civil No. 7:05-cv-50-HL** |
| Plaintiff, | ) | |
| vs. | ) | |
| Lewis Taylor Farms, Inc., LTF Greenhouses, LLC, and DL & B Enterprises, Inc., | ) | |
| Defendants | ) | **CONSENT PROTECTIVE ORDER** |
| and | ) | |
| Lewis Taylor Farms, Inc., and LTF Greenhouses, LLC, | ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| vs. | ) | |
| Syngenta Seeds, Inc., and R. D. Clifton Co., Inc., | ) | |
| Third Party Defendants. | ) | |
| | | |
| Gibbs Patrick Farms, Inc. | ) | **Civil No. 7:06-cv-48-HL** |
| Plaintiff, | ) | |
| v. | ) | |
| Syngenta Seeds, Inc., and R. D. Clifton Co., Inc. d/b/a Clifton Seed Company Georgia, | ) | |
| Defendants. | ) | |

**CONSOLIDATED FOR PURPOSES OF DISCOVERY**

Upon on the Motion for Entrance of Protective Order, to which all parties hereto have consented, and for good cause shown, and under the authority set forth in Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds that entrance of a Protective Order is appropriate in this case.

IT IS THEREFORE ORDERED THAT:

1. Information and documents voluntarily disclosed by any Party to any other Party or Parties in connection with the Claim, may be deemed confidential by the producing party. Any disclosure without the appropriate "CONFIDENTIAL" designation, as described below, shall be deemed to be a waiver of any privilege or protection any disclosing Party would otherwise be entitled to assert with respect to such information or documents.

2. The fact that information has been designated as CONFIDENTIAL by the producing party pursuant to this Protective Order shall not affect or determine what a the Court or trier of fact may find to be confidential or proprietary, nor shall such designation in any way shift, decrease or affect the burdens of proof and persuasion upon any party regarding the propriety of any CONFIDENTIAL designation. Unless otherwise agreed by all parties, the fact of such designation shall not itself be admissible into evidence at trial and the trier of fact shall not be advised of the fact of such designation. A party who intends to tender into evidence at trial a document or documents marked

CONFIDENTIAL must submit to the party who supplied the document or documents at least ten (10) days prior to the commencement of the trial a list of all documents stamped CONFIDENTIAL that may be tendered into evidence and must follow the procedures set forth in paragraph 8 below.

      3.     The fact that a document was stamped CONFIDENTIAL in the ordinary course of business prior to this Protective Order or any disclosure hereunder does not, by itself, constitute a designation of the document as CONFIDENTIAL under the terms of this Protective Order. No document is entitled to confidentiality or the protection of this Protective Order unless stamped CONFIDENTIAL with a stamp of confidentially used to identify other documents claimed to be CONFIDENTIAL pursuant to the terms of this Protective Order. Any marking of a document as CONFIDENTIAL in the ordinary course of business prior to this litigation shall not have such pre-litigation stamp removed at any time. Only the CONFIDENTIAL stamp added pursuant to this Protective Order may be redacted for use of any such document at trial.

      4.     The producing party will make a good faith effort to assure that the documents that were voluntarily disclosed or made available for inspection by the requesting party are retained until this evaluation process, mediation or litigation is terminated. If otherwise admissible, copies of produced documents shall be admissible into evidence as true and correct copies of the original document provided by the producing party, unless a party gives reasonable notice that it reasonably and in good faith insists that only the document made available for inspection be used as evidence (in that

event, the party so insisting must produce the document for use at trial at a reasonable time prior thereto), but objections to admissibility on grounds of relevance or other grounds are not hereby altered or precluded.

     5. This Protective Order shall apply to:

          A. All information and documents or portions thereof designated as CONFIDENTIAL pursuant to this Protective Order;

          B. Portions of transcripts or videotapes of depositions or other testimony designated as CONFIDENTIAL pursuant to this Protective Order; and

          C. Portions of briefs, memoranda or other writings filed with a Court (and exhibits to such writings) which refer to or relate to information designated as CONFIDENTIAL.

Information shall be designated as CONFIDENTIAL by conspicuously stamping the words "CONFIDENTIAL" on each page so designated in a manner which will not obscure the text or affect the legibility. As to transcripts, the CONFIDENTIAL legend shall be stamped on the first page of the transcript with a list of the page(s) designated CONFIDENTIAL and on the page(s) that are so designated. Information disclosed in a deposition, hearing, or other proceeding may be designated as CONFIDENTIAL at the time of the deposition, hearing or other proceeding or by letter to the opposing party within 10 days following receipt of the transcript of that proceeding. Any party receiving such letter shall promptly stamp as CONFIDENTIAL all materials so designated in that letter. Further, as to videotapes, the CONFIDENTIAL legend shall be stamped or affixed to the videotape with a statement of the portion that is designated CONFIDENTIAL and

shall be added to any videotape upon receipt of a letter designating any portion of the proceeding that is the subject of such videotape as CONFIDENTIAL.  Until the time for designation of information disclosed in any deposition, hearing or other proceeding as CONFIDENTIAL has expired, all portions of the transcript and any videotape of such proceeding shall be treated as CONFIDENTIAL.

6.	Information or documents designated as CONFIDENTIAL shall not be disclosed or disseminated to <u>anyone</u>, by any person or entity, except as herein provided and all persons in possession of documents or information designated as CONFIDENTIAL shall use reasonable care to safeguard and preserve the confidential character of such documents and information and prevent them from being disclosed. Further, all persons in possession of information or documents designated as CONFIDENTIAL **may only use such information or documents for the purposes of evaluating this Claim, mediation or resulting litigation**.  Disclosure of documents or other information designated as CONFIDENTIAL may be made only to:

A.	Counsel representing one or more parties in this Claim evaluation process, mediation or litigation and their co-counsel and employees thereof;

B.	Representatives of insurance carriers, if any, which provide coverage for any party in this Claim evaluation, mediation or litigation;

C.	The named Parties and officers, directors, employees and agents of any of the Parties to the extent necessary to assist in preparing for Claim evaluation, mediation, trial or to otherwise assist in such;

D.	Any fact witnesses, to the extent necessary to assist in preparing for Claim evaluation, mediation, trial or to otherwise assist in such,

      E.      Any expert or consultant engaged by a party for the purpose of assisting in the preparation of this Claim evaluation, mediation or litigation,

      F.      Any person who was involved in the preparation of the document or information or who, prior to the date of the filing of Claim herein, received or reviewed it; provided however, that no such person shall be given a copy of any document designated as CONFIDENTIAL to retain for any purpose;

      G.      The Court, the jury and court personnel, court reporters and persons engaged in making authorized copies, provided that all CONFIDENTIAL documents or information filed with the Clerk of the Court shall be filed under seal in accordance with paragraph 9 below and shall be released only upon agreement among all parties, or pursuant to the terms of this Order, or by order of the Court;

      H.      Any other person, entity or firm, with the prior written consent of the party designating the document or information as CONFIDENTIAL.

7.      Each person described in Paragraph 6(B), (D) or (E) to whom CONFIDENTIAL information is disclosed will be required, prior to any such disclosure, to receive and read a copy of this Protective Order and Appendix "A hereto, and agree to be bound by the terms of this Protective Order and to be personally subject to the jurisdiction of the appropriate Court for the purposes of enforcement hereof by executing a copy of Appendix "A" hereto.  Counsel for the party disclosing documents or information designated by any other party as CONFIDENTIAL shall maintain a list of all such persons along with the original executed copy of Appendix "A" for each such person.  The list and such written agreements shall be available for inspection by the Court appropriate jurisdiction upon order.

8.      If any CONFIDENTIAL information, documents, discovery responses, portions of transcripts, videotapes or any pleading or other paper disclosing or referring to such CONFIDENTIAL information is filed with any Court, it shall be filed under seal and marked as follows:

> **CONFIDENTIAL OR CONFIDENTIAL/RESTRICTED**:
> This envelope contains documents that are subject to a protective order of this Court. The contents are not to be revealed to anyone except the Court, or with the prior written consent of the parties herein, or pursuant to an order of this Court. If the contents are thus revealed, they shall thereafter be resealed.

9.      If any party elects to challenge any designation of confidentiality of any document(s) or information pursuant to this Protective Order, that party shall provide the party who designated such document(s) or information as CONFIDENTIAL advance written notice of such challenge with an identification of the documents (by Bates number or other identification) or other information (by transcript page) as to which such challenge is asserted, and afford such designating party an opportunity to voluntarily remove such designation. The designating party shall have twenty (20) days to voluntarily remove the designation. If the designating party elects not to voluntarily remove the designation, the party seeking to change the designation may or file a written motion with the Court seeking the removal of the CONFIDENTIAL designation for the document (s). The motion and any accompanying materials shall be filed under seal as provided in paragraph 8 hereof. The moving party shall bring a copy of all of the

documents or other information at issue in such motion to the hearing on such motion for in camera review by the Court.

The parties shall attempt to resolve any such challenge by agreement prior to the time for filing of a motion as herein provided.

If the challenge is not resolved by agreement, or by voluntary removal of such CONFIDENTIAL designation, and if no motion is filed within the applicable time period set forth above for filing such motion, then the CONFIDENTIAL status of the document or other information shall be removed from the document(s) as to which the challenge was not resolved by voluntary agreement. During the pendency of any such motion and before the Court has ruled, the documents and other information shall continue to be treated as CONFIDENTIAL under the terms and conditions of this Order.

10.     Any documents or other materials designated CONFIDENTIAL shall, at the request of the party that designated such document(s) or other materials as CONFIDENTIAL, be returned to that party or shall be destroyed.  At the close of this litigation each party shall be required to retrieve all copies of documents and other information designated as CONFIDENTIAL from experts, consultants, or other persons to whom they have been provided.  In no event shall any party be required to return documents or other materials whose confidentiality has been successfully challenged pursuant to paragraph 9 above.

11. Nothing herein contained shall be construed to limit any party or person in its use of its own documents or information or from disclosing its own documents or information.

12. Once a document or other information has been designated as CONFIDENTIAL pursuant to this Protective Order, the confidential status of that document or other information shall not be reduced or waived by further communicating, restating, summarizing, discussing or referring to any such document or other information in the course of or relating to this evaluation process, mediation or litigation, unless or until challenged as noted above.

13. Should any agency, court, or person that is not a party to this litigation request production, in connection with any other suit or proceeding, of any document(s) or information designated as CONFIDENTIAL pursuant to this Protective Order from any person or party, other than the party that so designated such document(s) or information, the person or party receiving that request shall provide reasonable notice of the request and an opportunity to apply to the appropriate Court for a protective order to the party who designated such document(s) or information as CONFIDENTIAL before any such person or party produces or reveals any such document(s) or information to such agency, court or person.

Dated: September 19, 2006.

                                                **s/   Hugh Lawson**
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

## APPENDIX "A"

ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

I acknowledge receipt of a copy of the PROTECTIVE ORDER dated _____, 2006, and I agree that I will be bound by its provisions with respect to any documents or other information designated as CONFIDENTIAL pursuant to the terms of that Protective Order. I agree that if I receive any document or other information designated as "CONFIDENTIAL", I will not make any copies thereof without the written consent of the party that designated such document or other information as CONFIDENTIAL and I will not discuss the document or any part of the contents thereof with anyone other than counsel for a party in this action or other persons as necessary for the purpose of evaluating the Claim herein or prosecuting or defending the mediation or litigation of the Claim. I understand that I am prohibited from using any document or information designated as CONFIDENTIAL for any purpose not directly connected to the evaluation of, mediation or litigation of the Claim identified in the Protective Order. At the conclusion of the evaluation, mediation or litigation of the Claim, or my involvement in it, I will promptly return all such document(s) and information to the person from whom I received them, including any notes, memoranda, computer files, and other documents or forms of information which include, incorporate, or otherwise disclose any of the contents of any document or other information designated as CONFIDENTIAL under the Protective Order. I hereby consent to the personal jurisdiction of the Court of the

appropriate jurisdiction with regard to any matter relating to or arising out of the Protective Order and I acknowledge that I have read the Protective Order and understand its terms.  I further acknowledge that I may be subjected to sanctions by that Court if I fail to comply with the Protective Order.

DATED this ____day of _____, 2006.

_____
Signature

fb.us.61149299.01