# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**GIBBS PATRICK FARMS, INC.,** :
:
    Plaintiff, :
:
    v. : Civil Action No. 7:06-cv-48 (HL)
:
**SYNGENTA SEEDS, INC., and** :
**R. D. CLIFTON CO., INC. d/b/a** :
**CLIFTON SEED CO. GEORGIA,** :
:
    Defendants. :
_____

# ORDER

Before the Court is a "Motion to Strike Designation of Rebuttal Expert" (Doc. 32) filed by Defendants Syngenta Seeds, Inc. and R. D. Clifton Company, Inc ("Syngenta and Clifton"). For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

This case arises from an infection that occurred on the bell pepper crop of Plaintiff Gibbs Patrick Farms, Inc. and Third Party Plaintiffs Lewis Taylor Farms, Inc. and LTF Greenhouses, LLC ("Plaintiff/Third Party Plaintiffs")—an infection for which Plaintiff/Third Party Plaintiffs contend bell pepper seeds produced by Syngenta and sold by Clifton were responsible. As one might expect, the source of the infection has been the focus of considerable dispute and discovery. In the present motion, Syngenta and Clifton ask the Court to strike the designation of alleged rebuttal expert Jeffrey B. Jones, Ph.D. ("Jones") by Plaintiff/Third Party Plaintiffs.

1

Syngenta and Clifton raise two main objections to Jones's designation: (1) Jones is not a true rebuttal witness,[1] and (2) Plaintiff/Third Party Plaintiffs' designation of Jones and disclosure of his expert report were both untimely. Although Plaintiff/Third Party Plaintiffs' Response includes a lengthy, technical discussion about why Jones was a true rebuttal expert, the Court does not need to decide that question because it finds the timeliness issue dispositive.

## II. ANALYSIS

### A. Standard

In pertinent part, Federal Rule of Civil Procedure 26(a)(2)(B) states that when a party discloses to other parties the identity of an expert witness,

> this disclosure shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions. . . .

Fed. R. Civ. P. 26(a)(2)(B).

Likewise, the Court's Rule 16 and 26 Order makes it clear that "[a]ny disclosure of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B)."

### B. Application

The Order of the Court memorializing the parties' own Proposed Scheduling/Discovery

---

[1] Syngenta and Clifton argue that because Jones's area of expertise, plant pathology, is the same as Plaintiff/Third Party Plaintiffs' original expert witness, he is not a true rebuttal witness. The true purpose for Jones's designation, according to Syngenta and Clifton, was for him to rehabilitate and bolster the previous testimony of Plaintiff/Third Party Plaintiffs' original expert witness.

Order gave Lewis Taylor Farms and LTF Greenhouses until February 19, 2007, to name any rebuttal experts and make the appropriate disclosures as mandated by Rule 26(a)(2)(B). Gibbs Patrick Farms had until February 21, 2007, to do the same. By their own admission, Plaintiff/Third Party Plaintiffs disclosed Jones's name and a largely incomplete expert report on February 20, 2007. Jones's complete report was not provided until March 12, 2007.

Setting aside Plaintiff/Third Party Plaintiffs' excuses about *why* they did so or how the failure was harmless, it is clear they failed to comply with the dictates of the Federal Rules of Civil Procedure and this Court's own express direction. That direction came not only in the form of a Scheduling/Discovery Order prepared by the parties and signed by the Court, but also in a letter written by the Court to counsel. In that letter, the Court stated,

> I am serious about the deadlines in the Rules 16/26 Order as well as those under the Federal Rules and Local Rules. I do not wish to restrict the amount of time you have to do anything under any rule, but you should not assume that you can wait until a deadline has passed to seek extensions or other relief. If you reasonably need more time to do anything please feel free to contact me by motion or letter, but in any event prior to the time the relief is needed.

(Letter of July 26, 2006 from the Court at 1-2.)

It is impossible for the Court to hypothesize now about how it might have ruled, had it been asked for an extension for Plaintiff/Third Party Plaintiffs to submit Jones's complete report. Irregardless, Plaintiff/Third Party Plaintiffs made no such inquiry, either by way of formal motion or informal request. Having failed to do so, they must live with the inevitable

and forewarned consequences.[2]

### III. CONCLUSION

The "Motion to Strike Designation of Rebuttal Expert" (Doc. 32) filed by Syngenta and Clifton is granted.

**SO ORDERED**, this the 10th day of May, 2007.

> *s/ Hugh Lawson*
> **HUGH LAWSON, JUDGE**

pdl

---

[2] The Court notes that its ruling, which likely is inconvenient for Plaintiff/Third Party Plaintiffs, does not necessarily sound the death knell for their case. Despite the exclusion of Jones, Plaintiff/Third Party Plaintiffs may still rely on the expert testimony of their previously and properly designated expert, Dr. Ron Gitaitis, to advance their lawsuit.