# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **GIBBS PATRICK FARMS, INC.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:06-cv-48 (HL) |
| | : | |
| **SYNGENTA SEEDS, INC., and** | : | |
| **R. D. CLIFTON CO., INC. d/b/a** | : | |
| **CLIFTON SEED CO. GEORGIA,** | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Before the Court is a "Motion for Clarification of Deadline for Dispositive Motions, Or, In the Alternative, Relief Pursuant to Local Rule 6.2" (Doc. 52) filed by Defendants Syngenta Seeds, Inc. and R. D. Clifton Company, Inc ("Syngenta and Clifton"). For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

Two related legal actions are currently pending before the Court: Florists' Mutual Insurance Company v. Lewis Taylor Farms, Inc., LTF Greenhouses, LLC, and DL & B Enterprises, Inc., and Lewis Taylor Farms, Inc., and LTF Greenhouses, LLC v. Syngenta Seeds, Inc. and R. D. Clifton Company (7:05-cv-50) ("the Florists' Mutual case") and Gibbs Patrick Farms Inc. v. Syngenta Seeds, Inc. and R. D. Clifton Company, Inc., d/b/a Clifton Seed Company Georgia (7:06-cv-48) ("the Gibbs Patrick case"). While at one point the Court

1

considered consolidating these cases (Doc. 31), it chose not to do so, in large part because although the cases are related, they arise from two separate sets of facts and circumstances. Notwithstanding the Court's decision not to consolidate the cases entirely, the cases have proceeded along consolidated discovery tracks for the efficiency of the parties. Despite this limited consolidation, the Court has also made it clear that motions that apply to both cases should be filed in each case, and that orders will be entered in whichever case they relate to, and in both cases if appropriate. (Id. at 1-2.)

On March 26, 2007, the Court entered an Order (Doc. 42) consented to by all parties in the Gibbs Patrick case that extended the discovery deadline until May 22, 2007, and the dispositive motions deadline until July 6, 2007.[1] However, on May 24, 2007, Florists' Mutual filed a Motion to Strike (Doc. 111) in the Florists' Mutual case complaining of a last-second discovery request/ambush from Lewis Taylor Farms, Inc. and LTF Greenhouses, LLC.[2] As a result, on June 12, 2007, the Court entered an Order in the Florists' Mutual case denying the Motion to Strike,[3] but concluding that "in deference to Florists' Mutual's concerns about overlapping time periods, Florists' Mutual shall have until July 2, 2007 to respond to the discovery requests in question and all parties shall have until August 16, 2007 to file dispositive motions." The problem now facing the Court is that Syngenta and Clifton, the only parties who

---

[1] The Court entered an identical Order (Doc. 103) in the Florists' Mutual case.

[2] No similar motion was filed in the Gibbs Patrick case. This is not surprising, since Florists' Mutual, Lewis Taylor Farms, Inc. and LTF Greenhouses LLC are not parties in that case.

[3] Again, no similar Order was entered in the Gibbs Patrick case, since there was neither a pending motion nor a discovery dispute to resolve there.

2

are participating in the Gibbs Patrick case as well as the Florists' Mutual case, read the Court's June 12th Order in the Florists' Mutual case as applying to both cases.

**II.    ANALYSIS**

In their pending Motion, Syngenta and Clifton seek two forms of relief. First, Syngenta and Clifton seek an order "clarifying that the Court intended that the deadline for the filing of dispositive motions in the above-captioned *Gibbs Patrick* matter is August 16, 2007." However, the Court possessed no such intent. Although identical orders in both cases initially established twin dispositive motions deadlines of July 6, 2007, that deadline was extended by an order in Florists' Mutual—for all parties *in that case*. Had the Court intended to extend the dispositive motions deadline in the Gibbs Patrick case, it would have entered an order in that case doing so. Indeed, Plaintiff Gibbs Patrick apparently suffered no confusion on this point, entering its Motion for Summary Judgment (Doc. 46) in a timely fashion. This relief is denied. Second, Syngenta and Clifton seek "an Order under Local Rule 6.2 granting Third Party Defendants/Defendants relief to file dispositive motions in the *Gibbs Patrick* matter on or before July 20, 2007." However, Local Rule 6.2 deals with the Clerk of Court's power to grant two-week extensions for parties to file responses or replies—it is inapplicable here. Therefore, this relief is also denied.

Despite these denials, it is clear to the Court that the interests of justice will be poorly served should Syngenta and Clifton be completely denied the ability to file dispositive motions in the Gibbs Patrick case. Accordingly, Syngenta and Clifton shall have until July 13, 2007 to file dispositive motions in the Gibbs Patrick case. As previously set forth be the Court's Order

of June 12, 2007, Syngenta and Clifton shall have until August 16, 2007 to file dispositive motions in the Florists' Mutual case.

## III. CONCLUSION

The "Motion for Clarification of Deadline for Dispositive Motions, Or, In the Alternative, Relief Pursuant to Local Rule 6.2" (Doc. 52) filed by Syngenta and Clifton is denied. Syngenta and Clifton shall have until July 13, 2007 to file dispositive motions in the Gibbs Patrick case.

**SO ORDERED**, this the 9th day of July, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl