# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| GIBBS PATRICK FARMS, INC., | |
| Plaintiff, | |
| | 7:06-cv-48 (HL) |
| v. | |
| R.D. CLIFTON CO., INC. d/b/a CLIFTON SEED COMPANY GEORGIA, | |
| Defendant. | |
| and | |
| LEWIS TAYLOR FARMS, INC., LTF GREENHOUSES, LLC, and QUALITY PRODUCE, LLC, | |
| | 7:05-cv-50 (HL) |
| Plaintiffs, | |
| v. | |
| R.D. CLIFTON CO., INC. d/b/a CLIFTON SEED COMPANY GEORGIA, | **Consolidated for Trial** |
| Defendant. | |

# ORDER

After conferring with counsel for the Parties, the Court has resolved several matters in anticipation of trial. For the reasons set forth in the record and as further

detailed below, the Motion in Limine filed by Lewis Taylor Farms (Doc. 206 in case 7:05-cv-50, Doc. 116 in case 7:06-cv-48) is granted, and the testimony of Dr. Terry Kelley is excluded. Clifton's Motion in Limine to Exclude Certain Evidence (Doc. 203 in case 7:05-cv-50, Doc. 108 in case 7:06-cv-48) is overruled in part and denied as moot in part: Clifton's objection to evidence of other growers' experience with Stiletto peppers and Bacterial Leaf Spot is overruled. Counsel resolved the remaining objections in this Motion among themselves as follows: the Parties have stipulated to the price of bell peppers during the relevant time period, so the testimony of Edvard Van Mulden is no longer necessary and will not be introduced, and Plaintiff will not introduce or make reference to Dr. Jeffrey Jones, the defense and indemnity agreement between Syngenta and Clifton, or prejudgment interest.

Clifton's Motion in Limine to Exclude Uncertain Evidence of Damages (Doc. 200 in case 7:05-cv-50, Doc. 111 in case 7:06-cv-48) is denied. As the Court stated in its March 27, 2008 Order, under Georgia law lost profits must be proven to a reasonable certainty. DeVane v. Smith, 268 S.E.2d 711 (Ga. App. 1980); Farmers Mut. Exchange of Baxley, Inc. v. Dixon, 247 S.E.2d 124 (Ga. App. 1978); Kitchens v. Lowe, 228 S.E.2d 923 (Ga. App. 1976). In the context of proving expected crop yields, evidence of "crops grown on land in the same planted field, with the same soil, the same brand of seed, fertilized and cultivated in the same manner, and planted at the same time and under identical weather conditions" is sufficient. Farmers Mut. Exchange of Baxley, Inc. v. Dixon, 146 Ga. App. 663, 664 (Ga. App.

1978).  Other Georgia case law indicates, however, that such an exacting showing is not necessary.  As the Court discussed in its previous Order, evidence of the same crop grown on nearby land with similar soil conditions, or like crops grown on the same land in prior years may also be sufficient to demonstrate expected yields with the required reasonable certainty.  See Crosby v. Spencer, 428 S.E.2d 607, 609-10 (Ga. App. 1993), Ayers v. John B. Daniel Co., 133 S.E. 878, 879 (Ga. App. 1926).  But see Morey v. Brown Mill. Co., 469 S.E. 2d 387, 391 (Ga. App. 1996) (evidence of crops grown from different seeds that perform differently, at different times, on different land–some of which was irrigated and some of which was not–was not sufficient to prove expected profits with reasonable certainty).

Defendant objects to Plaintiffs' expert who will testify about lost profits, Dr. Donald Maynard.  Defendant argues that Dr. Maynard did not take into account the effect of weather on the damages calculation, and therefore as a matter of law damages cannot be recovered.  Plaintiffs contend, however, that weather did not have a significant effect on their crops and that they will present testimony that bears out this fact.  In addition, Defendant concedes that Dr. Maynard testified that the weather conditions in the different years were "similar."  The evidence before the Court at this time is incomplete, but the details of Plaintiffs' lost profit evidence will undoubtedly be explored at trial. At this stage of the proceedings the Court cannot conclude that Dr. Maynard's alleged failure to account for the effects of weather renders the evidence of lost profits inadmissible.  The Motion to Exclude Dr.

3

Maynard's testimony is therefore denied.

In addition, Defendant's *Daubert* objection with respect to Dr. J. Walter Prevatt is denied. Defendant argues that Dr. Prevatt's opinion is unreliable because Dr. Prevatt relied on Dr. Maynard's yield analysis without questioning its methodology. This objection goes to the weight of Dr. Prevatt's opinion, not its admissibility. In addition, the Motion is untimely pursuant to the Court's Scheduling and Discovery Order, which was proposed by the Parties themselves. It is therefore denied.

**SO ORDERED**, this the 22nd day of May, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch